IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

V.V.,

    Petitioner,

vs.                                                                            Civ. No. 20-560 KG/CG

DORA OROZCO, in her official capacity as
Warden of the Otero County Processing Center, et al.,

    Respondents.

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Petitioner's Motion for Entry of a Temporary Restraining Order on his Petition for Writ of Habeas Corpus, (Doc. 4), filed June 9, 2020. The Court held a telephonic hearing on the motion on June 12, 2020, and counsel for all parties appeared. Petitioner asserts the Court has jurisdiction under Article I, section 9, clause 2, of the United States Constitution (Suspension Clause), 28 U.S.C. § 2241, and 28 U.S.C. § 1331, because Petitioner "is presently in custody under color of authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States." (Doc. 1) at 3-4. At the hearing, the Court appointed Petitioner's attorneys as his "next friends" for purposes of representation in this matter under Federal Rule of Civil Procedure 17(c)(2). Having considered Petitioner's Section 2241 Petition, (Doc. 1), and Motion for a Temporary Restraining Order, the statements of counsel at the hearing, and relevant law, for the reasons stated at the hearing the Court makes the following findings:

(1) Petitioner is likely to prevail on the merits based on evidence presented regarding unreliability of skeletal age evidence and copies of Petitioner's birth certificate and Government of India Aadhaar card;

(2) Petitioner would suffer irreparable harm from being held in an adult detention center as a minor and being prevented from seeking asylum before the United States Citizenship and Immigration Services as a minor if his age determination is found to be unlawful;

(3) The public interest and balance of equities weighs in favor of enjoining Respondents from detaining Petitioner with unrelated adults until Petitioner's challenge to his age determination is resolved.

IT IS THEREFORE ORDERED that Petitioner's Motion for a Temporary Restraining Order is granted in part and Defendants are ordered to immediately remove Petitioner from Immigration and Customs Enforcement's adult detention center and place Petitioner into the custody of the Office of Refugee Resettlement to provide appropriate detention and education.

IT IS FURTHER ORDERED that Petitioner shall be treated as a juvenile for purposes of detention and immigration proceedings until the Court decides whether Petitioner's age determination will be reviewed and enjoined.

IT IS FURTHER ORDERED that Respondents shall file a response to Petitioner's Motion for a Temporary Restraining Order regarding the issue of Petitioner's age determination no later than 5:00 p.m., Friday, June 19, 2020, and Petitioner shall file a reply no later than 5:00 p.m., Friday, June 26, 2020.  The parties' briefing shall include the following information in addition to any issues the parties deem relevant:

(1) Briefing as to the Court's jurisdiction over this matter;

(2) Whether the Court's review of Petitioner's age determination shall be de novo or under a different standard; and

(3) Whether Petitioner will testify at the hearing.

IT IS FURTHER ORDERED that a hearing on the issue of Petitioner's age determination will be held on Wednesday, July 1, 2020, at 2:00 p.m.  The parties shall submit any exhibits (including the audio or transcript of the Immigration Judge's decision) to the Court no later than 5:00 p.m., Thursday, June 25, 2020, and shall note whether the parties stipulate to the exhibits' admission.

The proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely.  The Zoom ID and Passcode will be provided separately to the participants' e-mail addresses of record.  Participants should connect to the proceeding 15 minutes prior to its scheduled start time to allow time for trouble shooting of any connectivity issues.  To ensure the record is of the best quality, participants are encouraged to utilize a headset to reduce static and background noise; if not using a headset, participants must ensure the audio feed at their location is muted when not speaking.

_____
UNITED STATES DISTRICT JUDGE