IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

V.V.,

    Petitioner,

vs.                                                                                        Civ. No. 20-560 KG/CG

DORA OROZCO, in her official capacity as
Warden of the Otero County Processing Center, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondents' Motion to Dismiss (Motion) (Doc. 32), Petitioner's Response to Respondents' Motion to Dismiss (Response) (Doc. 33), and the parties' Responses (Docs. 30, 31) to the Court's Order to Show Cause (Doc. 27). Having reviewed the parties' briefing, the record, and the relevant law, the Court grants Respondents' Motion to Dismiss.

    *I.*    *Background*

On June 30, 2020, the Court granted in part Petitioner's Motion for Temporary Restraining Order (Doc. 4). (Doc. 22). In pertinent part, the Court found that Immigration and Customs Enforcement's (ICE) bone density exam failed to comply with the Office of Refugee Resettlement (ORR) and ICE policies as applied to Petitioner. *Id.* at 18-19. As a result, the Court concluded that Petitioner was likely to succeed on his claim that ICE and the Immigration Judge failed to comply with 8 U.S.C. § 1232(b)(4) when determining that he was an adult. *Id.* at 17-18. The Court, therefore, enjoined Respondents from applying the age determination until ORR made a proper age assessment consistent with 8 U.S.C. § 1232(b)(4) and ORR's policies. *Id.* at 21.

In the interim, the Court ordered that Petitioner remain in the custody of ORR and that his date of birth be considered July 7, 2002. *Id.* at 21. Furthermore, the Court ordered that ORR complete the requisite age determination in compliance with 8 U.S.C. § 1232(b)(4) within two weeks from entry of the Court's Order. *Id.* at 21-22. Consistent with the Court's instruction, Respondents explained that Petitioner was released to the custody of his sponsor and a new dental scan was conducted to determine his age. (Doc. 23) at 1. The dental scan revealed a 63% statistical probability that Petitioner attained 18 years of age. *Id.*

The Court entered an Order to Show Cause on August 27, 2020, instructing the parties to explain why Petitioner's Habeas Petition (Doc. 1) should not be dismissed. (Doc. 27). The Court explained that "all four of Petitioner's claims challenge his detention as an adult in ICE custody, which is no longer an issue because Petitioner has been released." *Id.* at 6. The parties timely responded, and Respondents subsequently filed the present Motion to Dismiss (Doc. 32).

In pertinent part, Petitioner asserts that his petition should not be dismissed because he "is not challenging the removal order before this Court." (Doc. 30) at 2. Instead, "he is challenging the initial age determination Respondents made … when he entered the United States- prior to when removal proceedings were even commenced against him…." *Id.* at 2-3. Petitioner specifically requests that the Court declare him an unaccompanied alien child (UAC) "upon his entry into the United States…." *Id.* at 4. Respondents oppose Petitioner's request in its entirety and seek dismissal of this action. (Doc. 31).

II.   *Discussion*

On two occasions, this Court explained that it "does not have jurisdiction to review any discretionary judgments by ICE or the Immigration Judge, including Petitioner's Order of removal." (Doc. 27) at 6; (Doc. 22) at 10. Specifically, the Court explained that the scope of its

jurisdiction is limited to a determination of the legality of Petitioner's detention.  (Doc. 27) at 6.  In addition, the Court declined to declare Petitioner a UAC, "which would reverse the age determinations made by ICE and the Immigration Judge."  *Id.* at 7.  The Court explicitly stated that "it does not have jurisdiction to declare Petitioner an UAC…."  *Id.*

In support of this conclusion, the Court distinguished claims that challenge an agency's compliance with 8 U.S.C. § 1232(b)(3)-(4) from those that challenge factual and discretionary agency determinations.  *See* (Doc. 22) at 11-12.  The Court applied *Thuraissigiam*'s holding to the rationale advanced by Petitioner:  habeas review is appropriate for challenges to an individual's confinement but not to a claim seeking "vacatur of his removal order and an order directing DHS to provide him with a new opportunity to apply for asylum and other relief from removal."  (Doc. 22) at 12 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1970 (2020)) (internal brackets omitted).  The Court, thus, concluded that it would only consider "Petitioner's claim that ICE and the Immigration Judge failed to comply with [agency regulations] in determining his age."  *Id.* at 13.

Here, again, the Court concludes that it is not within the ambit of its authority to order ICE or the Immigration Judge to reach a particular conclusion on Petitioner's UAC status.  A contrary holding is "far outside the 'core' of habeas," which is intended to remedy "unlawful executive detention."  *See Thuraissigiam*, 140 S. Ct. at 1970-71; *accord McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (explaining that "fundamental purpose of a § 2241 habeas proceeding is … 'an attack by a person in custody upon the legality of that custody and … traditional function of the writ is to secure release from illegal custody'") (internal citation omitted).  A habeas petition under Section 2241 is not the appropriate vehicle for Petitioner's challenge because it far exceeds a request for "simple release."  *See Thuraissigiam*, 140 S. Ct. at

1971 (citing *Munaf v. Green*, 553 U.S. 674, 693 (2008)).  As a result, there is no further relief that this Court is authorized to grant under the posture of Petitioner's case.

    III.    Conclusion

In summary, because Petitioner is no longer detained, his petition under 28 U.S.C. § 2241 (Doc. 1) is now moot and the Court lacks jurisdiction to grant further relief.  Accordingly, for the reasons set forth above, and the reasons previously articulated in the Court's Memorandum Opinion and Order (Doc. 22) and Order to Show Cause (Doc. 27), the Court grants Respondents' Motion to Dismiss (Doc. 32).

    IT IS SO ORDERED.

                                                        UNITED STATES DISTRICT JUDGE